UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN SMITH on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) ) v. ) ) CONVERGENT OUTSOURCING, INC., ) ) Defendant. ) | Civil Action No. 20-cv- <br><br> <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Calvin Smith, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm as a result of Defendant's attempt to collect an alleged debt from him, by mailing him a letter without clearly stating the amount alleged to be owed by him.

1

## PARTIES

5. Plaintiff, Calvin Smith ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comcast consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a (3) of the FDCPA.

6. Defendant, Convergent Outsourcing, Inc., ("Convergent"), is a Washington corporation, registered to do business in Illinois. Its registered agent here is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

7. Convergent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Convergent regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, such as that asserted to be owed to Comcast in this case, and is a "debt collector" as defined in 15 U.S.C. § 1692a (6) of the FDCPA.

9. Convergent holds a collection agency license from the State of Illinois.

## FACTUAL ALLEGATIONS

10. According to Convergent, Plaintiff incurred an alleged debt for services purchased and used for personal purposes, originally for a non-business, consumer Comcast cable account. ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a (5) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay his alleged debt, and the alleged debt went into default.

12. Convergent subsequently began collecting the alleged debt.

13. On or about August 2, 2019, Convergent mailed a collection letter ("Letter") to Plaintiff in an attempt to collect on the alleged debt. (Exhibit A, Collection Letter)

14. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

15. Thus, the Letter was a communication as that term is defined in §1692a (2) of the FDCPA.

16. The Letter was Convergent's initial communication with Plaintiff made in connection with the collection of the alleged debt.

17. The Letter conveyed an "Amount Owed" of $355.58 on the alleged debt. (Ex. A, Letter).

18. The Letter also communicated a "Total Balance" of $355.58.

19. The Letter listed out several disclosures required by 15 U.S.C. § 1692g, including:

> . . . If you notify this office **_in writing at PO Box 9004, Renton, WA 98057_** within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

(Ex. A, Letter) (emphasis added)

20. Convergent thus communicated that Plaintiff had a right to dispute the debt in writing, but only by sending notice to a specific PO Box.

21. In fact, Plaintiff had a right to dispute the debt in writing in a variety of ways, including by sending notice to Convergent's address listed at the top of the letter, by faxing it, or by emailing it.

22. Plaintiff also had a right to use Convergent's own dispute website, at https://www.convergentusa.com/outsourcing/request/make/5.

23. Convergent's website is convenient, allowing a consumer to fill out a simple form to submit a dispute, and does not require a consumer to have a fax machine, an envelope and postage, or other means to communicate a dispute that would require a consumer to pay for the same.

24. But by Convergent's own disclosure, such a dispute is not valid as it is not mailed to a specific PO Box in Renton, Washington.

25. Plaintiff read the Letter and believed he was required to send any dispute to a PO Box in order for it to trigger his rights under the FDCPA.

26. It is notorious that sending mail to a PO Box is frustrating and often an exercise in futility. It is also difficult for Plaintiff to send postal mail.

27. Plaintiff would have used an alternate method to dispute had he been aware it was possible and allowed under the law.

28. Convergent falsely communicated Plaintiff's dispute rights under the FDCPA as being limited to the use of a PO Box.

28. Convergent's statement overshadowed Plaintiff's right to dispute the debt in writing.

29. 15 U.S.C. § 1692g provides:

**Validation of debts**

**(b) Disputed debts**

**. . . Any collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. . . .**

4

30. Convergent overshadowed its disclosure of Plaintiff's rights to dispute a debt within the thirty-day validation period, in violation of 15 U.S.C. § 1692g(b), when it stated that such dispute had to be sent by mail and to a specific PO Box.

31. The disclosure by Convergent also states in relevant part:

> . . . If you notify this office in writing at PO Box 9004, Renton, WA 98057 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt ***or obtain a copy of a judgment and mail you a copy of such judgment*** or verification.
> .

(Ex. A, Letter, emphasis added)

32. At the time the Letter was mailed, there was no judgment on the alleged debt.

33. Defendant's reference to a judgment made Plaintiff that there may have been a judgment entered with respect to the alleged debt, or that Defendant was in the process of obtaining one.

34. Defendant's reference to a judgment would make the unsophisticated consumer believe that there may have been a judgment entered with respect to the alleged debt, or that Defendant was in the process of obtaining one.

35. In fact, Defendant had no intention of seeking a judgment on the alleged debt.

36. Defendant also knew that no judgment had been entered.

37. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

    **(A) the character, amount, or legal status of any debt; or…**

> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken**

38. Defendant misrepresented the legal status of an alleged debt, and threatened an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(5), when it stated that upon written request, it would obtain a copy of a judgment and mail copy of same to Plaintiff, despite there being no such judgment.

39. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

40. Defendant used unfair means in an attempt to collect a debt, in violation of 15 U.S.C. §1692f, when it stated it would obtain a copy of a judgment and mail a copy of same to Plaintiff, despite there being no such judgment.

41. Defendant referenced both verification and a judgment in its disclosure even where a judgment was not applicable.

42. Defendant appears to have cut and paste the language for the disclosure from the statute text, but failed to select the applicable dispute response available (i.e. verification vs. a copy of a judgment).

43. A party may not merely parrot language of an order or a statute and comply with the FDCPA when such language is false. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 370 (7th Cir. 2018) (analyzing the use of FDCPA safe harbor language drafted by the 7th Cir. when not applicable and finding a violation when the language as applied was false).

44. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-

6

2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.,* 558 F.3d 623, 628 (7th Cir. 2009)).

45. Here, Defendant's statement that it could send a copy of a judgment to Plaintiff would make him believe that there was no longer any point to disputing the alleged debt, and that he owed it regardless of whether he believed he did or not.

46. Convergent's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

47. Plaintiff, Calvin Smith, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant Convergent attempted to collect on an alleged Comcast debt (3) by mailing a form letter substantially similar to that mailed to Plaintiff attached as Exhibit A (4) which states:

> If you notify this office in writing at PO Box 9004, Renton, WA 98057 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification,

(5) sent during the period of time that begins one year prior to the filing of this Class Action Complaint and ends on the date of filing of the Class Action Complaint.

48. Exhibit A is a form letter.

49. As Exhibit A is a form letter, the Class likely consists of more than 40 persons each from whom Convergent attempted to collect a defaulted Comcast debt.

50. Plaintiff Smith's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and

predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

52. Plaintiff Smith will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Convergent's conduct was perpetrated on all members of the Class and will be established by common proof.

53. Moreover, Plaintiff Smith has retained counsel that has been approved as class counsel in previous class actions brought under the FDCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant Convergent as follows:

> A. Statutory damages pursuant to 15 U.S.C. § 1692k (a)(2);
>
> B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k (a)(3); and
>
> C. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Mario Kris Kasalo*
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com


### **NOTICE OF LIEN AND ASSIGNMENT**

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                              By: s/ *Mario Kris Kasalo*
                                  Mario Kris Kasalo