UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN SMITH on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:20-cv-04553 ) ) Hon. Gary Feinerman |
| CONVERGENT OUTSOURCING, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

In August of 2019, Defendant Convergent Outsourcing, Inc., ("Defendant") sent a letter ("Letter") to Plaintiff attempting to collect a defaulted consumer Comcast account. [1 at ¶¶ 10, 13]. The Letter stated in pertinent part:

> . . . If you notify this **office in writing at PO Box 9004, Renton, WA 98057** within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, **this office will obtain verification of the debt or obtain a copy of a judgment** and mail you a copy of such judgment or verification.

*Id.* at 12 (emphasis added).

Defendant claims that Plaintiff's Complaint fails to state a claim upon which relief can be granted. [13]. Defendant argues that its collection letter does not violate the Fair Debt Collection Practices Act ("FDCPA") because the language at issue in its letter is neither confusing nor deceptive, and it does not overshadow Plaintiff's validation rights under § 1692g or misrepresent information to Plaintiff in violations of §§ 1692e and 1692f.

For the reasons stated below, Plaintiff has alleged sufficient facts to state a claim under the FDCPA, and under the unsophisticated consumer standard, Defendant's Letter violates the

FDCPA as a matter of law. First, Defendant's Letter overshadows Plaintiff's validation rights under § 1692g because it indicates that the only manner in which Plaintiff can dispute his debt is in writing via mail to a designated address, when in fact § 1692g has no restrictions on the manner in which a consumer can dispute a debt to obtain verification, as long as it is written. 15 U.S.C. § 1692g. A consumer may thus dispute via a letter sent through the US Mail, email, Defendant's dispute website, telegram, personal delivery, FEDEX, UPS, or via any other written means. The statement at issue is thus confusing, misleading and unfair to the unsophisticated consumer, given that the Defendant has an online dispute platform for consumers to use, yet the Letter states that disputes must be mailed to a certain address.

Second, Defendant's Letter misrepresented the legal status of the alleged debt, and threatened to take action it did not intend to take, in violation of §§ 1692e(2)(A) and (5), when it sent a Letter which stated that upon request, it will obtain a copy of a judgment and mail it to Plaintiff, when in fact there was no such judgment entered or lawsuit initiated against Plaintiff.

Finally, Defendant used unfair means in an attempt to collect Plaintiff's debt when it stated it would obtain a copy of judgment and mail the same to Plaintiff, despite there being no judgment, in violation of § 1692f. Defendant's Motion should thus be denied.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim, if Plaintiff has failed "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To withstand a 12(b)(6) motion, a plaintiff need only allege enough facts to state a claim to relief that is plausible on its face. *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362 365-66 (7th Cir. 2018). In ruling on a motion to dismiss, courts "accept as true all of the well-pleaded facts in the

complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak v. City of Chicago,* 810 F.3d 476, 480–81 (7th Cir. 2016).

With respect to allegations of violations of the FDCPA contained in a letter, as here, "claims brought under the [FDCPA] are evaluated under the objective 'unsophisticated consumer' standard." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 743 (7th Cir. 2014). When ruling on a 12(b)(6) motion, the Seventh Circuit has "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law . . . because 'district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.'" *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501-03 (7th Cir. 1999)). "'[W]hat seems pellucid to a judge, a legally sophisticated reader, may be opaque' to the unsophisticated consumer." *Id.* (quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999)).

Moreover, the FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009). In the Seventh Circuit, whether a statement is false, deceptive, or misleading <u>or</u> unfair or unconscionable is a question of fact so "dismissal is only appropriate in cases involving statements that plainly, on their face, are not misleading or deceptive." *Boucher,* 880 F.3d at 367 (internal quotation marks omitted).

### **ARGUMENTS & AUTHORITIES**

**I. Convergent's Letter Was Confusing Because It Stated Plaintiff Had To Send Any Dispute Regarding The Alleged Debt By Mail To A Specific PO Box, Which Overshadowed Plaintiff's Rights Under Section 1692g of the FDCPA, As Section 1692g Does Not Require A Consumer To Dispute A Debt In Any Specific Manner**

Defendant's Letter stating "[i]f you notify this office in writing at PO Box 9004, Renton, WA within 30 days from receiving this notice that you dispute the validity of this debt[,]"

3

violates § 1692g because it communicates that the only method in which Plaintiff may dispute his debt is via a written letter sent to the stated PO Box address, which is a false statement.

The FDCPA provides that within five days of an initial communication with a consumer in connection with the collection of any debt, a debt collector must send the consumer a statement communicating that if the consumer notifies the debt collector, in writing and within the thirty-day period that follows receipt of the statement, the debt collector will obtain verification of the debt or a copy of judgment and mail the same to the consumer. 15 U.S.C. § 1692g(a)(4). The validation notice must inform the customer that he has 30 days after receipt of notice to dispute the debt. *Id.* However, "[e]ven if a letter properly contains the information mandated by section 1692g(a), 'the debt collector may not overshadow or contradict that information with other messages sent with the validation notice.'" *Thomollari v. CMRE Fin. Servc.,* 2017 U.S. Dist. LEXIS 220637 * 4-5 (quoting *Chauncey v. JDR Recovery Corp.,* 118 F.3d 516, 518 (7th Cir. 1997)); § 1692g(b).

The validation notice is "overshadowed" if it renders the letter confusing or makes the debtor "uncertain as to her rights." *See Thomollari,* 2017 U.S. Dist. LEXIS 220637, at *5 (E. D. Wis. Aug. 28, 2017) (citing *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2nd Cir. 1996)). Further, the Seventh Circuit has articulated that "[t]he consumer 'is to be protected against confusion, whatever form it takes[,]' be it outright contradiction, literal overshadowing, or the failure to explain an apparent contradiction." *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512 (7th Cir. 2004) (quoting *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir.1997)).

Whether a validation notice is confusing is a question of fact determined under the objective "unsophisticated consumer" standard. *Zemeckis v. Global Credit & Collection Corp*., 679 F.3d 632, 639 7th Cir. 2012); *Gruber v. Creditors' Prot. Serv.,* 742 F.3d 271, 273 (7th Cir.

4

2014). An unsophisticated consumer is assumed to be "uninformed, naïve, or trusting," but "'possesses rudimentary knowledge about the financial word' and is 'capable of making basic logical deductions and inferences." *Olson,* 366 F.3d at 513 (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000)). However, courts have cautioned that "district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects. *McMillan*, 455 F.3d at 754.

Debt collectors are not permitted to impose any requirements on the manner in which a consumer may challenge their debt, and language in a dunning letter that tends to limit the manner in which a consumer may dispute his debt is confusing to the unsophisticated consumer and thus "overshadows" the consumers rights in violation of § 1692g. Overshadowing claims begin with the premise that "'the unsophisticated consumer is to be protected against confusion, whatever form it takes.'" *Frey v. Satter, Beyer & Spires,* No. 98 C. 3957, 1999 U.S. Dist. LEXIS 6912, at *8 (N.D. Ill. Apr. 30, 1999). *Bartlett,* 128 F.3d at 500. In *Frey,* the letter at issues stated in pertinent part, that "[i]f any portion of this claim is disputed, you are to notify me within (30) days, indicating the nature of the dispute." *Id.* at *2. The plaintiff alleged that inclusion of the additional language that, in order to dispute the debt, the consumer must "indicate the nature of the dispute," overshadowed the validation notice. *Id.* at *8-10. The court denied defendant's motion to dismiss, finding that "inclusion of a requirement to specify the nature of the dispute is not required under § 1692g(a)(3)," and concluded that plaintiff had adequately presented a claim that defendants violated § 1692g. *Id.* at *13.

In this case, the Letter dictates that a dispute must be mailed to a specific PO Box, but Convergent also maintains a website referenced on its Letter that invites consumers to submit

5

debt disputes through its system [1 at ¶¶ 22, 23]. The two distinct yet conflicting communications are confusing to the unsophisticated consumer, and violate the FDCPA, § 1692g since that provision imposes no requirements on the manner or form in which a consumer may dispute his debt, and a consumer may request verification by disputing the debt in any written form. In fact, Plaintiff would have submitted a written dispute in a manner other than via mail to the PO Box listed had he known the truth, as he would have not had to obtain a letter, paper or a stamp to do so, transmission would have been instantaneous, and he would have had evidence that he timely transmitted a dispute—none of which were benefits he would have had by mailing to the PO Box listed in the Letter [1 at ¶27]. Thus, the content of the Letter overshadowed Plaintiff's rights in violation of § 1692g, and affected Plaintiff's decision-making on how and whether to dispute the alleged debt.

Other courts have similarly held that any language in a validation notice which tends to impose requirements on the manner or mode in which a consumer informs a debt collector of a dispute violates § 1692g. *See Id.* at *12 (denying defendant's motion to dismiss, holding that the letter which said a response was required "within 30 days," but excluded the words "after receipt of the notice" is confusing since the unsophisticated consumer would wonder whether the response was required within thirty days of date of letter or within thirty days of receipt); *Whitten v. ARS Nat'l Servs.,* No. 00 C 6080, 2002 U.S. Dist LEXIS 9385, at *3-4 (N.D. Ill. May 23, 2002) (holding that notice letter including the language "[s]uitable dispute documentation could include the following," which listed six types of acceptable documentation overshadowed the validation notice because it "sends the message that the only way to dispute a debt is if there is a certain 'acceptable' type of documentation," when plaintiff is not required to have any documentation to notify collector of dispute); *See also Castro v. ARS Nat'l Servs. Inc.,* 2000 U.S.

6

Dist. LEXIS 2618, No. 99 C 4596, 2000WL 264310, at *11 (S.D.N.Y. Mar. 8, 2000) (holding § 1692g(a)(3) does not require debtors to provide documentation to dispute a debt, thus a letter that referenced "suitable documentation" overshadowed the validation notice and violated § 1692g).

Defendant contends that the Letter does not violate § 1692g because it "presents a clear path for written disputes by providing a specific address for them to be sent to." [13 at 5]. In support of this assertion, Defendant relies on a series of cases which hold that letters which indicate the dispute *can be sent to more than one address* are not confusing. Aside from that not being the issue in this case, where Defendant limits the manner of dispute instead of offering multiple addresses for convenience, Defendant misinterprets the holding of these cases.

In *Blanchard*, the back of letter at issue stated, that "[i]f you have a dispute you may so state in the comments section of our webpage or you may send your dispute to: NACS/Compliance/Audit Division, PO Box 22815, Chattanooga, TN 37422," and directly below that notice, it further stated "if you desire to send written dispute, send to address above," with the address listed being different from the one on the front. *Blanchard v. N. Am. Credit Servs*., No. 15-1295-DRH, 2016 U.S. Dist. LEXIS 48548, at *12-13 (S.D. Ill. Apr. 11, 2016). However, the court's rationale was that the confusion over the address on the front of the letter did not "'cloud' the letter such that an unsophisticated customer would not understand that he or she had a right to dispute the debt when the back of the notice clearly directs users to send disputes to a different address." *Id.* at 11. Thus the court held that providing **multiple** addresses was not confusing. The issue here, unlike in *Blanchard*, is that the Defendant's Letter only provides one method—via mail to a PO Box—for Plaintiff to dispute his claim. It is this restriction that is both unfair and misleading, as well as confusing, since in fact Plaintiff could have disputed his debt in a number of easier and less costly ways, while the Letter falsely indicated otherwise.

7

Plaintiff thus had a right to dispute the debt and to obtain the name and address of the original creditor in writing in a variety of ways, including by sending a dispute notice and/or a request for information to Defendant's address listed at the top of the letter, by faxing it, by personal delivery, by emailing it, or even by timely serving a lawsuit on its agent that is based on a dispute, and thus communicates the fact of the dispute. *See Kasalo v. Trident Asset Mgmt., LLC*, 53 F. Supp. 3d 1072, 1084 (N.D. Ill. July 7, 2014) (finding the service of a complaint that contained a dispute of a debt, on a debt collector, was a written dispute under section 1692g); *Blanchard,* 2016 U.S. Dist. LEXIS 48548, at *12-13 (recognizing that electronic communications, such as those effected via a web page, qualify as a written dispute under section 1692g; *Cloud Corp. v. Hasbro, Inc.*, 314 F.3d 289, 295 (7th Cir. 2002) (holding that e-mails can satisfy the writing requirement of the statute of frauds).

Nor is Defendant's misrepresentation one without negative consequence. By communicating that a written dispute and/or request for information had to be *mailed* to a specific PO Box, Defendant impermissibly diminished the pool of communications that Plaintiff could have used to communicate a written dispute and obtain verification of the alleged debt, or to request the name and address of an original creditor, and Defendant thus unfairly abridged and falsely communicated Plaintiff's rights under section 1692g. Notably, Defendant's own website has a function set up for consumers to be able to dispute debts online for this very purpose, at https://www.convergentusa.com/outsourcing/request/make/5 , which allows consumers to fill out a form dispute, and which does not require the purchase and use of an envelope, paper and postage, or other means to communicate a dispute that would require a consumer to pay for the same. [1 at ¶¶ 23, 26]. By Convergent's own disclosure to Plaintiff, however, a dispute for

8

verification and/or request for the name and address of the original creditor, outside of mailing a letter to a specific PO Box in Renton, Washington, would not be valid.

Although *Blanchard* indicated that there is a circuit split as to whether § 1692g(a)(3) should require a "writing," which is not at issue here, there is no question that electronic communications qualify as "writings." Black's Law Dictionary (10th ed. 2014) (defining "writing" as including "hard-copy documents, electronic documents on computer media, audio and videotapes, e-mails, and any other media on which words can be recorded.") *Blanchard* at *12-13. The court thus concluded that including language that a consumer *may* also dispute the debt on the debt collector's website was permissible. Here, while Defendant maintains a website for consumers to fill out and submit a dispute form, the Letter indicated that the only manner in which Plaintiff could dispute his debt was by sending a letter to the listed address. [1-1]. The confusion that triggers an overshadowing claim comes from restrictive language in validation notices, as present here, which require consumers to take steps or send disputes in a certain manner that cannot be reconciled with the plain language of § 1692g. Since § 1692g prescribes no restrictions on how a consumer may dispute a debt, other than requiring a verification request to be in writing, the Letter in this case is confusing, misleading and unfair, and thus "overshadows" the consumer's right to dispute the debt in violation of § 1692g.

**II. Plaintiff Has Plead Facts Sufficient To Show That Convergent Misrepresented The Legal Status of Plaintiff Alleged Debt And Threatened To Take Action That Defendant Did Not Intend To Be Taken, In Violation Of §§ 1692e(2)(A) and e(5)**

Under the unsophisticated consumer standard, the letter sent by Defendant, which stated that upon notification, Defendant "will . . . obtain a copy of a judgment and mail you a copy of such judgment," also misrepresented the legal status of the alleged debt, since in fact there was no

judgment entered against Plaintiff when the Letter was mailed. This statement violates § 1692e(2)(A) and §1692e(5) as it constitutes a false and misleading statement regarding the debt.

### A. Defendant Falsely Represented the Character and Legal Status of Plaintiff's Alleged Debt By Stating that Defendant Would Obtain A Copy of Judgment Against Plaintiff, When In Fact There Was No Judgment Entered Against Plaintiff or Lawsuit Pending

Defendant's primary argument is that the language at issue complies with 1692g, and thus cannot violate 1692e. Notably, the Defendant cites no case law to support its contention that the "Letter in no way suggests or otherwise indicated that a judgment had in fact been entered or that COI was in the Process of obtaining one," other than a recitation of the standard of the unsophisticated consumer. [13 at 9]. But a party may not merely parrot boilerplate language (for example, in a safe harbor letter) and comply with the FDCPA when such language is false. *See Boucher,* 880 F.3d at 370-371 (…"debt collectors are required to tailor boilerplate language to avoid ambiguity.").

*Boucher* states in relevant part:

However, even if a debt collector may generally rely on the safe harbor language to avoid liability under § 1692e, *Miller*'s accuracy requirement still applies. As we explained in *Miller*, a debt collector is only entitled to safe harbor protection if "the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation)." 214 F.3d at 876. And, although the *Miller* language is not misleading or deceptive on its face, it may nevertheless be inaccurate under certain circumstances. *See, e.g., Ruge v. Delta Outsource Grp., Inc.*, No. 15-cv-10865, 2017 U.S. Dist. LEXIS 35047, 2017 WL 959017, at *3 (N.D. Ill. Mar. 13, 2017) (holding that, although "[the defendant's] letter is nearly identical to the safe harbor language in *Miller*," the defendant was not immune from liability because "[t]he safe harbor language that says the amount of the debt might change because of interest was not true in this particular case") (footnote omitted). Here, FSGB's use of the safe harbor language was inaccurate because FSGB could not lawfully impose "late charges and other charges." Therefore, FSGB is not entitled to safe harbor protection under *Miller*.

*Boucher,* 880 F.3d at 370.

10

Just as the defendant's use of safe harbor language in *Boucher* was inaccurate because the defendant could not lawfully impose late charges, and thus it violated the FDCPA, Defendant's reference to a judgment in the Letter in this case is also inaccurate, as no judgment exists and Defendant cannot obtain and mail one to the Plaintiff, despite its statement that it could.

Defendant's Letter, which implies that there is a judgment against Plaintiff, thus falsely represented the legal status of Plaintiff's debt, since in fact there was no such judgment in existence that Defendant could obtain and mail. Notably, Courts have generally held that unsophisticated consumers can be misled by a dunning letter for a time barred debt where a consumer is not given notice that the debt is too old to be sued upon, and thus any such letter is false, deceptive, or misleading since a consumer would not be expected to know this fact. *See McMahon v. LVN Funding, LLC,* 744 F.3d 1010, 1021 (7th Cir. 2014); *Pantoja v. Portfolio Recovery Assoc. LLC,* 78 F.Supp.3d 743, 745-6 (N.V. Ill. 2015). For example, in *Pantoja,* the court found that even a letter which said "[b]ecause of the age of your debt, we will not sue you for it," was clearly misleading "because it does not tell the consumer that the debt is time barred and defendant cannot sue plaintiff." 78 F.Supp.3d at 746. While Plaintiff's debt is not time barred in this case, *Pantoja* is instructive: just as failing to inform a consumer that a debt is too old for suit is deceptive as a judgment cannot be obtained, implying that there is already a judgment against Plaintiff by stating that Defendant "will . . . obtain a copy of a judgment and mail you a copy of such judgment" is also deceptive and misleading, as it falsely represents the legal status of Plaintiff's debt, which hasn't been reduced to judgment. [1 at ¶¶ 32-36].

*Lox* also supports Plaintiff's claim. In *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012), the 7th Circuit held that a dunning letter is false and misleading if it "impl[ies] that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass."

11

The dunning letter in *Lox* stated the following: "Our client may take legal steps against you and if the courts award judgement, the court could allow court costs and attorney fees." *Id.* at 820-21. The plaintiff moved for summary judgment, claiming that this language was false and misleading as a matter of law because "[the creditor] could not, under any circumstances, have recovered attorney fees from [him]." *Id.* at 820. Because the debt collector failed to identify any applicable contractual or statutory exception, it effectively "admit[ted] (through waiver) that the award of attorney fees was not a possible outcome." *Id.* at 824. Thus, the Court concluded that the statement about attorney fees was false. *Id.* Moreover, the statement was found to be misleading to an unsophisticated consumer, who "is not aware of the American Rule on attorney fees," and "is therefore likely to believe a debt collector when it says that attorney fees are a potential consequence of nonpayment." *Id.* at 824-25.

Here, as in *Lox*, the challenged statement is misleading to an unsophisticated consumer. The dunning letter states that if a dispute is made, ". . .this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. . .". [1 at ¶ 31]. While a lawsuit could be filed by Defendant to collect the alleged debt, no suit was filed at the time the Letter was mailed, and no judgment could this be obtained and mailed to Plaintiff. Therefore, the Letter falsely implies a possible outcome—the entry of a judgment—that cannot legally come to pass. *See id.* at 825. The statement is thus misleading to an unsophisticated consumer, as it was to Plaintiff, because the manner by which a judgment may be obtained is not the type of legal knowledge we can presume the public has at its disposal.

### B. Defendant's Letter Amounts to a Threat to Take Legal Action Which It Had No Intention of Taking, Because it Implied That A Lawsuit Was Underway

The FDCPA protects against empty threats of litigation as a means of scaring the debtor into paying. *Jenkins v. Union Corp.,* 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) (citing 15 U.S.C. §

1692e(5)). A collection letter threatens legal action under § 1692e(5), if it "communicate[s] that a lawsuit is not merely a possibility, but that the decision to pursue legal action is either imminent or has already been made." *Id.* Notably, "[c]ourts have found litigation threats even in indirect or oblique statements, provided that they imply legal action is underway or contemplated in the near future," under the unsophisticated consumer standard. *Id.*

In *Pipiles v. Credit Bureau of Lockport, Inc.,* the Second Circuit found that the statements: "Notice Is Hereby Given That This Item Has Already Been Referred For Collection Action"; "We Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment In Full"; and "Pay This Amount If Action Is To Be Stopped" amounted to an implied threat to take legal action, since they implied that legal action had already been, or was about to be, initiated. *Id* at 1137 (citing *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 25-26 (2nd Cir. 1989). Similarly here, the language of Defendant's letter amounts to a threat of legal action, since it implies that legal action has already occurred and/or was imminent, and that liability was a foregone conclusion—how else could it obtain and mail a judgment upon request? Also notable is that Defendant's letter speaks in the affirmative, stating that it "will . . . obtain a copy of judgment and mail you a copy." [1-1]. This language, analyzed under the unsophisticated consumer standard, implies that judgment is imminent and will be obtained, which clearly amounts to a threat to take legal action if a consumer dares to make a request for verification. *Jenkins* at 1137.

While some courts have failed to find a threat of legal action in dunning letters, in all of those cases, the threat was not imminent because the language in the letters was hypothetical, and merely articulated that legal action was *an option. See Id.* (concluding that a letter which stated that "*if* legal action were taken" and "*should* such action occur" clearly indicate that no

13

decision regarding legal action had been taken and action was not imminent) (emphasis added); *Knowles v. Credit Bureau of Rochester,* 1992 WL 131107, at *1-2 (W.D. N.Y. May 28, 1992) (finding that the statement "failure to pay will leave our client with no choice but to consider legal action" is not a threat to take legal action under § 1692e(5)). In the present case, however, the Letter sent to Plaintiff did more than articulate that legal action was a possibility. By Defendant's own words, its position is contradictory. Defendant states that "Plaintiff's position seems to be that the unsophisticated consumer would read this disclosure to state that: *COI would obtain and provide Plaintiff with verification of the debt and a copy of the judgment,"* and further states that "Defendant's letter saying nothing more than they [sic] if there is a judgment, then Defendant may provide it upon written request." [13 at 9]. However, Defendant's Letter contains neither a "would" nor an "if." Rather, the Letter states explicitly that upon request, Defendant "*will"* obtain a judgment. This implies not merely that legal action is an option, but rather that it is imminent, or that legal action had in fact been taken, which amounts to an impermissible threat of legal action in violation of § 1692e(5).

### III. Facts Supporting a 1692e Claim Can Support a 1692f Claim, and Therefore Plaintiff Has Alleged Sufficient Facts To Sustain a 1692f Claim

Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. Defendant used an unfair means in attempting to collect a debt when it stated it would obtain and mail a copy of judgment to Plaintiff, when in fact there was no such judgment. Despite that the language of the Letter supporting the § 1692f claim is the same language that supports a § 1692e claim in this case, in *McMillan v. Collection Professionals Inc.,* the Seventh Circuit has said that inquiry under §§ 1692e and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letters, stating "[w]hether characterized as an issue

of fact or issues of mixed fact and law, district courts must act with great restraint when asked to rule in this context on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." 455 F.3d 754, 759-60 (7th Cir. 2006).

Defendant cites cases for the premise that conduct which is specifically addressed in another section of the FDCPA may not be used as the basis for a § 1692f claim. However, the case law to which Defendant cites stands for the premise that conduct which suffices only to violate another FDCPA provision cannot violate § 1692f, *unless* that conduct also satisfies those requirements, which Defendant's Letter here does. More importantly, the Seventh Circuit has allowed claims under both provisions to proceed even when the offending conduct overlaps. *McMillan,* 455 F.3d at 765 (reversing dismissal of § 1692e and § 1692f claims based on overlapping conduct); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562,565-66 (7thCir.2004); See also *Soyinka v. Franklin Collection Serv.,* 2020 U.S. Dist. LEXIS 124917, at *14 (N.D. Ill. July 15, 2020) (same). Defendant's argument thus lacks merit.

Ultimately, under the unsophisticated consumer standard, a fact finder could conclude that a Letter which states that upon request, Defendant "*will* obtain . . . a copy of judgment" means that a judgment either has been entered against that consumer or that Defendant can obtain such judgment. [1-1] (emphasis added). Such a reading is by no means "fantastic conjecture" nor "an ingenious misreading" as argued by Defendant. The implication of legal proceedings is thus an unfair means to collect Plaintiff's debt, and therefore violates § 1692f.

## **CONCLUSION**

Based on the foregoing, Plaintiff requests that the Court deny Defendant's Motion to Dismiss or, in the alternative, allow him leave to amend his complaint, and/or for any and all other relief this Court deems just and proper.

15

Respectfully submitted,

By: */s/ Mario Kris Kasalo*
One of Plaintiff's Attorneys

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
Tele 312- 726-6160
Fax  312-698-5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF users.

By: */s/ Mario Kris Kasalo*
Mario Kris Kasalo