UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 4553 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CONVERGENT OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Calvin Smith alleges in this putative class action that a collection letter he received from Convergent Outsourcing, Inc. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Doc. 1. Convergent moves under Civil Rule 12(b)(6) to dismiss the complaint. Doc. 12. The motion is granted in part and denied in part.

## Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Smith's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Smith as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the

1

facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Smith fell behind on his cable bill, and the account went into default. Doc. 1 at ¶¶ 10-11. The cable company hired Convergent to collect the debt. *Id*. at ¶ 12. Convergent mailed Smith a letter dated August 2, 2019 attempting to collect the $355.58 balance on his account. *Id*. at ¶¶ 13, 17-18; Doc. 1-1 at 2-3.

This lawsuit targets two aspects of the letter. First, the letter stated that Smith could "dispute the validity of th[e] debt" "in writing at PO Box 9004, Renton, WA 98057 within 30 days from receiving this notice." Doc. 1-1 at 3. But the letter did not mention that Convergent also allowed debtors to submit disputes by mail to its physical address, by fax, by email, or by completing a form on its website. Doc. 1 at ¶¶ 21-23. Second, the letter stated that, if Smith disputed the debt, Convergent would "obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." Doc. 1-1 at 3. The letter's references to a "judgment" made Smith think that there might have been a judgment entered against him, but in fact, as Convergent knew, there was no such judgment. Doc. 1 at ¶¶ 32-36.

## Discussion

### I. Section 1692g Claim

Smith first claims that Convergent's listing only its P.O. Box as a method for submitting disputes, when in fact it allowed debtors to submit disputes by several other methods, overshadowed its disclosure of his right to dispute the debt, in violation of 15 U.S.C. § 1692g. Doc. 1 at ¶¶ 19-30; Doc. 21 at 3-9. Section 1692g(a) requires a debt collector's written notice to set forth five enumerated disclosures. The third disclosure gives the consumer 30 days in which to dispute the validity of the debt, or else "the debt will be assumed to be valid by the debt

collector." 15 U.S.C. § 1692g(a)(3). Smith's claim centers on the fourth disclosure, which requires the notice to include:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

*Id*. § 1692g(a)(4).

The FDCPA requires debt collectors to make each disclosure "clearly enough that the recipient is likely to understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)). Clarity is measured under the "'unsophisticated consumer' standard." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012); *see also Steffek v. Client Servs., Inc.*, 948 F.3d 761, 764 (7th Cir. 2020) ("We and other circuits have long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by unsophisticated debtors."). Under that standard, the court "evaluate[s] a communication 'through the objective lens of an unsophisticated consumer who, while uninformed, naïve, or trusting, possesses at least reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Steffek*, 948 F.3d at 764 (quoting *Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 380 (7th Cir. 2019)).

Smith claims that Convergent's letter, by identifying only its P.O. Box as a method for submitting disputes and failing to mention the other available methods, "overshadowed" the letter's disclosure of his ability to dispute the debt. Doc. 21 at 6. Overshadowing is a specific type of § 1692g claim, in which the required disclosure is made but "additional language in the letter contradicts and 'overshadows' the [disclosure]." *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). In 2006, Congress amended § 1692g to add an explicit

overshadowing provision, which states: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." Financial Services Regulatory Relief Act of 2006, Pub. L. No. 109-351, § 802(c), 120 Stat. 1966, 2006-07 (codified at 15 U.S.C. § 1692g(b)). As the Seventh Circuit explained, the amendment "merely codified a rule that the courts had already instituted." *Zemeckis*, 679 F.3d at 635 n.1 (citing *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997)); *see Bartlett*, 128 F.3d at 500 ("[T]he implied duty to avoid confusing the unsophisticated consumer can be violated by contradicting or 'overshadowing' the required notice."). So overshadowing claims are just a subspecies of § 1692g claims more generally.

Dismissal of a § 1692g claim on the pleadings is appropriate only "[i]f it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004) (quotation marks omitted); *see also Chuway*, 362 F.3d at 948 ("It is impossible to draft a letter that is certain to be understood by every person who receives it; only if it would confuse a significant fraction of the persons to whom it is directed will the defendant be liable."). Convergent contends that to be the case here, reasoning that because § 1692g(a)(4) does not require debt collectors to provide multiple means to submit a debt dispute, its "gratuitously" making available additional methods besides the P.O. Box cannot expose it to liability merely because its letter failed to list those additional methods. Doc. 13 at 6.

Convergent is correct that § 1692g does not specify the methods a debt collector must make available for a consumer to dispute a debt. But neither does it permit a debt collector to impose hurdles not found in the statute to submitting a dispute. The Seventh Circuit has held, for instance, that a debt collector may not ask a consumer to give a reason for opening a dispute

4

under § 1692g(a)(4).  *See DeKoven v. Plaza Assocs.*, 599 F.3d 578, 582 (7th Cir. 2010) ("[T]he consumer can, without giving a reason, require that the debt collector verify the existence of the debt before making further efforts to collect it.").  District courts have applied this principle to allow FDCPA challenges to various extra-statutory requirements imposed by debt collectors. *See Mikolajczyk v. Universal Fid., LP*, 2017 WL 706301, at *3-4 (E.D. Wis. Feb. 22, 2017) (denying a motion to dismiss a § 1692g(a) claim where the debt collector's notice required the debtor to give a reason for the dispute); *Whitten v. ARS Nat'l Servs., Inc.*, 2002 WL 1050320, at *4 (N.D. Ill. May 23, 2002) (granting summary judgment to the debtor on an overshadowing claim where the debt collector's letter required the debtor to provide "[s]uitable dispute documentation"); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650, at *5 (N.D. Ill. Apr. 30, 1999) (denying a motion to dismiss where the debt collector's letter required the debtor to "indicat[e] the nature of the dispute").

It thus would have been unlawful for Convergent to tell Smith that he could submit his dispute *only* by mail to the P.O. Box, because the statute imposes no such limit and Convergent in fact made available other delivery methods.  Granted, the letter does not use the word "only"; rather, it reads: "If you notify this office in writing at [the P.O. Box] … this office will obtain verification of the debt … ."  Doc. 1-1 at 3.  Technically, the letter does not state that the P.O. Box is the *sole* method available to submit a dispute.  A logician's or grammarian's reading is not the standard, however—the question is whether "a significant fraction of the population" could potentially read the letter to (incorrectly) limit the method of submitting a dispute.  *Taylor*, 365 F.3d at 574.

The court cannot reject that possibility as a matter of law on the pleadings.  In everyday speech, people often use a statement in the form "if X, then Y" to mean "Y only if X."  "If the

weather is warm, we'll go to the park." "If you study hard, you'll pass the test." Those statements might reasonably be read to imply that the first clause is a necessary condition of the second. Here, it is likewise plausible that an unsophisticated consumer might conclude from Convergent's letter that mail to the P.O. Box is a necessary condition for submitting a dispute, a message that, if received, would be incorrect—as there were several other available methods— and thereby overshadow the letter's disclosure in violation of § 1692g(a)(4) and (b). The overshadowing claim cannot be dismissed at this stage.

## II.    Section 1692e and 1692f Claims

Smith's second and third claims focus on this sentence from Convergent's letter: "this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." Doc. 1-1 at 3; *see* Doc. 1 at ¶¶ 31-46. As Smith concedes, Doc. 1 at ¶¶ 41-43, this language mirrors the disclosure required by § 1692g(a)(4). *See* 15 U.S.C. § 1692g(a)(4) (requiring that a collection letter include a statement that "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector"). Smith nevertheless contends that where, as here, no judgment exists, it is misleading under § 1692e and unfair under § 1692f to include the "judgment" portion of that disclosure in a collection letter. Doc. 21 at 9-15.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although "a plaintiff

need not allege a violation of a specific subsection in order to succeed in a § 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), Smith invokes subsections (2)(A) and (5), which proscribe, respectively, "[t]he false representation of … the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," *id*. § 1692e(5).  Section 1692f, meanwhile, proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  As with § 1692g claims, the unsophisticated consumer standard governs claims under §§ 1692e and 1692f.  *See Steffek*, 948 F.3d at 765 ("Across all the [FDCPA's] protections, we evaluate a communication through the objective lens of an unsophisticated consumer … .") (quotation marks omitted); *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 603 (7th Cir. 2016) ("[W]ith regard to 'false, deceptive, or misleading representations' in violation of § 1692e of the FDCPA, the standard is … whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer … .").  Because Smith's § 1692e and § 1692f claims rest on the same premise—that Convergent's letter falsely implied there was a judgment against him—they rise or fall together.

As the Seventh Circuit explained in *Ruth*, statements alleged to be false or misleading under § 1692e fall into three categories.  *See* 577 F.3d at 800.  The first category consists of statements that are "plainly, on their face, … not misleading or deceptive.  In these cases, [the court] do[es] not look to extrinsic evidence to determine whether consumers were confused.  Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law."  *Ibid*.  The second category consists of statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer.  In these cases, … plaintiffs may prevail only by

producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ibid*. The third category consists of statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to the plaintiff on that basis." *Id*. at 801.

Smith's claims based on use of the phrase "this office will obtain verification of the debt or obtain a copy of a judgment" fall into the first category, making dismissal appropriate based on the letter's text alone. Even an unsophisticated consumer "is capable of making basic logical deductions and inferences." *Steffek*, 948 F.3d at 765. Here, the basic inference from the text is that Convergent would obtain *either* verification of the debt *or* a copy of a judgment, depending on which circumstance obtained. That is how ordinary English speakers, sophisticated or not, use the word "or." Also significant is the use of the phrase "*a* judgment," as opposed to "*the* judgment." No formal education is needed to understand that the indefinite article "a" leaves unaddressed whether or not a judgment exists.

The relevant subsections of § 1692e prohibit "false representation" or a false "threat to take any action." 15 U.S.C. § 1692e(2), (5). The language Convergent used plainly does neither. Only an "an ingenious misreading" of the letter conjures any deception here. *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000). As a result, the letter is neither misleading nor unfair as a matter of law.

It is also significant that this part of Convergent's letter made a disclosure required by § 1692g(a)(4) using language practically identical to the language of the statute itself. Smith's position would therefore impose liability on Convergent under § 1692e for using precisely the language that Congress instructed it to use in § 1692g. Such an interpretation is to be avoided if possible. *See Beeler v. Saul*, 977 F.3d 577, 585 (7th Cir. 2020) ("We interpret statutes as a

symmetrical and coherent regulatory scheme, and fit, if possible, all parts in an harmonious whole."); *Roberts v. Fed. Hous. Fin. Agency*, 889 F.3d 397, 403 (7th Cir. 2018) ("[W]ith any statute, we avoid a reading that would render its provisions inconsistent or redundant."). Conflict can easily be avoided here under the eminently justifiable assumption that an unsophisticated consumer would understand the words "or" and "a" in their normal senses.

Resisting this conclusion, Smith points to *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018), which concerned a debt collector's duty under §§ 1692g(a)(1) and 1692e(2) to accurately disclose the amount of the debt. In an earlier decision, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000), the Seventh Circuit drafted "safe harbor" language for debt collectors to use when making that disclosure. 214 F.3d at 876. *Boucher* held, however, that debt collectors retain an independent duty to ensure that the *Miller* safe harbor language is accurate and non-misleading: "[A]lthough the *Miller* language is not misleading or deceptive on its face, it may nevertheless be inaccurate under certain circumstances." 880 F.3d at 370.

Smith contends that, under *Boucher*, Convergent's use of statutory language in its letter does not, by itself, insulate it from liability. Doc. 21 at 10. But there is a fundamental difference between a judicial interpretation of a statute—like the *Miller* safe harbor language—and the statutory text. As *Boucher* explained, "our judicial interpretations cannot override the statute itself, which clearly prohibits debt collectors from making false and misleading misrepresentations." 880 F.3d at 370. Thus, as *Boucher* held, the judicial gloss articulated in *Miller* had to give way to the statute itself in circumstances where the two came into conflict. Here, Smith asks the court impose liability on Convergent under §§ 1692e and 1692f for using language that *Congress* required in § 1692g. As noted, such a conflict between different

statutory provisions is to be avoided if possible, and it can be avoided here by applying the ordinary, non-technical meaning of the phrase "obtain verification of the debt or obtain a copy of a judgment" in Convergent's letter.

## Conclusion

Convergent's motion to dismiss is granted as to the §§ 1692e and 1692f claims. The dismissal of those claims is with prejudice, as the court can discern no amendment that would cure the flaw those claims. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."). The motion is denied as to the § 1692g claim. Convergent shall answer the surviving portions of the operative complaint by May 18, 2021.

April 27, 2021

_____
United States District Judge